2026 IL App (1st) 241174-U

Fourth Division
Filed June 30, 2026

No. 1-24-1174

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of Cook County |
| | ) | |
| v. | ) | No. 03 CR 09825 |
| | ) | |
| JIMMIE MOODY, | ) | The Honorable William G. Gamboney, |
| Defendant-Appellant. | ) | Judge, presiding. |
| | ) | |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Navarro and Justice Quish concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not err in denying the defendant's motion for leave to file a successive postconviction petition where he could not establish prejudice for his claim that his 70-year sentence for an offense he committed at the age of 22 violates the proportionate penalties clause of the Illinois Constitution.

¶ 2     Defendant Jimmie Moody appeals the denial of his motion for leave to file his successive petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). Moody argues that he established the necessary cause and prejudice to be granted leave to file his petition. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Following a jury trial in 2007, Moody was convicted of first degree murder. He was 22 years old at the time of the offense. Moody was sentenced to 70 years' imprisonment: 45 years for first

degree murder and 25 years for the firearm enhancement. Moody's conviction and sentence were affirmed on direct appeal. *People v. Moody*, 395 Ill. App. 3d 1116 (2009) (table) (unpublished order under Illinois Supreme Court Rule 23), *appeal denied*, 236 Ill. 2d 530 (2010), *cert. denied*, 562 U.S. 880 (2010).

¶ 5        On March 23, 2011, Moody filed a *pro se* postconviction petition where he alleged (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct during closing statements, and (3) ineffective assistance of appellate counsel. The circuit court dismissed the petition finding that it was frivolous and patently without merit. Moody appealed that dismissal. This court granted appellate counsel's motion to withdraw and affirmed the circuit court's judgment. *People v. Moody*, No 1-11-1909 (Nov. 6, 2012) (unpublished summary order under Illinois Supreme Court Rule 23(c)), *pet. for leave to appeal denied*, No. 115350 (Jan. 30, 2013). Thereafter, Moody filed a petition for a writ of *habeas corpus* in the United States District Court for the Northern District of Illinois. The district court denied the petition. *Moody v. Harrington*, No. 13 C 4119, 2016 WL 2897402 (N.D. Ill. May 18, 2016).

¶ 6        In December 2023, Moody filed a *pro se* motion for leave to file a successive postconviction petition, which is the subject of this appeal. In his petition, Moody argued that his 70 year sentence was an unconstitutional *de facto* life sentence under *Miller v. Alabama*, 567 U.S. 460 (2012), and that "the evolving societal standards governing the sentencing of emerging adult offenders" discussed in *Miller* apply to him. Citing to *People v. Thompson*, 2015 IL 118151, and *People v. Harris*, 2018 IL 121932, ¶ 48, Moody asserted that, although *Miller* and its progeny did not directly apply to him, the supreme court did not, in either *Thompson* or *Harris*, "explicitly reject" the proposition that *Miller* protections could not be extended to young adults.

¶ 7        Moody also argued that his sentence violated the provision of the Illinois Constitution requiring penalties to have the objective of restoring an offender to useful citizenship. See Ill. Const. 1970, art. I, § 11. Moody contended that the circuit court failed to consider his youth, history of being a victim of physical and sexual abuse, and adverse childhood experiences in sentencing.

¶ 8    Attached to the petition was an affidavit from Moody that detailed his family history and his background. Moody attested that he grew up without his father and without a positive male role model. Moody was sexually abused by his uncle when he was seven years old and by his piano teacher when he was 13 years old. Moody further attested that he was "bullied and ridiculed" by classmates. In 1992, Moody was hospitalized at Lake Shore Mental Institution, and he was diagnosed with ADHD and placed on medication. Following his hospitalization, Moody lived with his mother and siblings in "a gang and drug infested neighborhood." Moody would hear gunshots and see evidence of gun violence on the street. In 1993, Moody was physically abused by his mother's boyfriend. Moody attested that he ran away from home and joined a gang. Finally, Moody attested that he had matured during his incarceration and had gained "a plethora of certificates."

¶ 9    The circuit court denied Moody leave to file his successive postconviction petition, ruling that he had not established cause or prejudice. This appeal timely follows.

¶ 10                                II.  ANALYSIS

¶ 11    On appeal, Moody argues that the circuit court erred in denying him leave to file a successive postconviction petition. Moody contends that, under the proportionate penalties clause of the Illinois Constitution, *Miller*, and other related case law, he made a showing of cause and prejudice. Further, his sentence did not consider his youth, social history, or rehabilitative potential.

¶ 12    The Act provides a mechanism for a criminal defendant to raise a claim that he or she was substantially deprived of a right under the United States Constitution or the Illinois Constitution. 725 ILCS 5/122-1(a)(1) (West 2024). The Act contemplates the filing of one petition, and any claims not presented in the initial petition are forfeited. 725 ILCS 5/122-1(f) (West 2024). "Successive petitions are highly disfavored, and the statutory bar will be relaxed only when fundamental fairness requires it." *People v. Figueroa*, 2022 IL App (1st) 172390-B, ¶ 22. Leave of court to file a successive petition "may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice

results from that failure." 725 ILCS 5/122-1(f) (West 2024). Under the cause and prejudice test, a defendant must establish both cause and prejudice. *People v. Allen*, 2019 IL App (1st) 162985, ¶ 32. A defendant demonstrates "cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings" and "prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2024).

¶ 13　　Leave of court to file a successive petition should be denied "when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35. We review the denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 14　　We start by examining the merits of the claim Moody seeks leave to raise. The proportionate penalties clause of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. 1, § 11. The proportionate penalties clause provides broader protection than the eighth amendment. *People v. Gipson*, 2015 IL App (1st) 122451, ¶¶ 69-78; *People v. Clemons*, 2012 IL 107821, ¶ 36. A sentence "violates the proportionate penalties clause if *** 'the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community.' " *People v. Hilliard*, 2023 IL 128186, ¶ 20 (quoting *People v. Miller*, 202 Ill. 2d 328, 338 (2002)). " 'To determine whether a penalty shocks the moral sense of the community, we must consider objective evidence as well as the community's changing standard of moral decency.' " *People v. Robinson*, 2021 IL App (1st) 192289, ¶ 46 (quoting *People v. Hernandez*, 382 Ill. App. 3d 726, 727 (2008)).

¶ 15　　Young adults are not foreclosed from raising as-applied proportionate penalties clause challenges to life sentences based on the evolving science regarding juvenile maturity and brain

development. *People v. Clark*, 2023 IL 127273, ¶ 87; *People v. Harris*, 2018 IL 121932, ¶ 48; *People v. Thompson*, 2015 IL 118151, ¶¶ 43-44. However, "[t]he key question in this case is whether defendant falls into the category of 'young adult offenders.' " *People v. Montanez*, 2022 IL App (1st) 191930, ¶ 54. Under current Illinois case law, Moody cannot establish prejudice as *Miller* and its progeny do not apply to Moody as he was 22 years old at the time of the offense.

¶ 16        Illinois courts have consistently drawn a bright line at the age of 21 in determining who is a young adult offender. *Montanez*, 2022 IL App (1st) 191930, ¶ 55 ("The vast majority of our cases have drawn a bright line at 21 years old in determining who qualifies as a 'young adult offender.' ") (Internal quotations omitted.); see *People v. Guerrero*, 2022 IL App (1st) 210400, ¶ 29 (collecting cases); *People v. Green*, 2022 IL App (1st) 200749, ¶ 42 ("[D]efendant was 21 years old at the time of the offense, and therefore was an adult for purposes of a *Miller* claim."). We have found only one instance where *Miller* protections were extended to a defendant older than 21 years old. See *People v. Savage*, 2020 IL App (1st) 173135. However, *Savage* is distinguishable from this case where the defendant there made detailed allegations supported by medical documentation that his history of drug addiction—which began when he was nine years old—rendered him functionally younger than his age. *Id.* ¶¶ 70-78. Further, no other court has extended *Miller* protections to a defendant over 21 years old. See *Guerrero*, 2022 IL App (1st) 210400, ¶ 29 ("The *Savage* decision was published on September 30, 2020, at a time when the law on this subject was still in the infant stage, and that decision appears to be the only reported decision of this court extending *Miller*-based sentencing protections [citation] to a defendant over 21 years of age.").

¶ 17        Moody was 22 years old at the time of the offense in this case. He contends that scientific studies show "that brain development may continue to age 25." While we recognize that research regarding brain development in young adults is new and ongoing, the current posture of the law does not extend *Miller* protections to defendants older than 21. "The evolving science on brain development may support such claims at some time in the future, but for now individuals who are 21 years or older when they commit an offense are adults for purposes of a *Miller* claim." *People v. Humphrey*, 2020 IL App (1st) 172837, ¶ 33, *abrogated on other grounds by People v. English*,

2023 IL 128077. "While 21 is undoubtedly somewhat arbitrary, drawing a line there is in keeping with other aspects of criminal law and society's current general recognition that 21 is considered the beginning of adulthood." *Id.* ¶ 34. While we recognize the fact that research regarding brain development is new and ongoing, any extension of *Miller* principles to defendants over 21 years old "should be made by our legislature or our highest court" as "[t]he supreme court and the legislature are in a better position to draw clear, predictable and uniform lines for our state." *People v. Rivera*, 2020 IL App (1st) 171430, ¶ 27.

¶ 18    As Moody's claim is without merit, he has not established prejudice, so we need not address cause. *People v. Morrow*, 2019 IL App (1st) 161208, ¶ 57 (stating that "we may uphold the denial of leave to file the claim if defendant has failed to establish either prong" of the cause and prejudice test).

¶ 19                                III.  CONCLUSION

¶ 20    Based on the foregoing reasons, we affirm the judgment of the circuit court.

¶ 21    Affirmed.